UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN CARTER,

    Plaintiff,

v.                                      Case No.:  5:07-CV-00357-WTH-GRJ

SMARTWATCH SECURITY &
SOUND LLC and MADELAINE
LOCK,

    Defendants.
_____/

**PLAINTIFF'S FORMER COUNSEL'S MOTION TO STRIKE DEFENDANTS' IMPROPERLY FILED MOTION FOR RULE 11 SANCTIONS**

Comes now, Plaintiff's former counsel, Andrew R. Frisch, and pursuant to the Local Rules of the Middle District of Florida and the Federal Rules of Civil Procedure, files the instant Amended Motion to Strike Defendants' Improperly Filed Motion for Rule 11 Sanctions ("Motion"), and states as follows:

**SUMMARY OF ARGUMENT**

This Honorable Court granted the undersigned's Motion to be relieved as Plaintiff's counsel by Order dated September 23, 2008.  (DE. 38).[1]  At that time, Defendants had *never* served a safe-harbor letter on either Plaintiff, or the undersigned. Subsequent to the time when the undersigned's representation ceased, Defendants apparently served a safe-harbor letter solely on the pro se Plaintiff, John Carter, and filed the instant Motion, seeking Rule 11 Sanctions, against *both* the undersigned (as Plaintiff's *former* counsel) and Plaintiff.  (DE. 45).  Thereafter, Defendants successfully moved for Summary Judgment against the pro se Plaintiff, which was granted to

---

[1] The undersigned has not received CM/ECF filings in this case since his termination as Plaintiff's counsel.

1

Defendants by Order dated January 14, 2009. (DE. 51). Although the Defendants failed to properly serve the instant Motion on the undersigned, as set out in the Federal Rules of Civil Procedure, the Court forwarded a copy of same by regular mail.[2]

Inasmuch as the Motion was improperly filed against the undersigned, the Court should strike Defendants' improperly filed Rule 11 Motion (as to the undersigned), because Defendants' failure to serve a 21-day "safe harbor" letter, on the undersigned while he represented the Plaintiff, at any time prior to their instant motion, is fatal pursuant to Fed. R. Civ.P. 11(a)(A) and renders their motion procedurally improper.

## MEMORANDUM OF LAW

### I.  Defendant's Failure to Serve a 21-day "Safe Harbor" Letter Prior to Their Instant Motion is Fatal To Their Instant Motion.

It is black letter law that, prior to filing a Rule 11 sanctions motion, the movant (Defendants) must serve a safe harbor notice on her opponent[3], and the failure to timely serve such notice makes such sanctions unavailable. *Fed.R. Civ.P.* 11(a)(A). *See, e.g., Torres v. City of Orlando,* 264 F.Supp.2d 1046, 1053 n. 18 (M.D.Fla.), *aff'd,* 88 Fed. Appx. 391 (11th Cir.2003) (table).

*Fed.R.Civ.P.* 11(c)(1)(A) provides that:

> "[a] motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion ... the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."

---

[2] Defendants claim in their Certificate of Service that they either served the undersigned via CM/ECF or by email. Since, the undersigned was terminated from proceedings, I did not receive a copy of the Motion via the CM/ECF system. The undersigned is unaware of any rule allowing service of Motions solely by email. Therefore, Defendants' Motion is procedurally defective on this basis as well.

[3] Inasmuch as Defendants claim to have served a safe-harbor letter, it was ***never*** served on the undersigned, either while the undersigned was involved in the instant litigation or at anytime thereafter.

The United States Court of Appeals permits Rule 11 motions to be filed following the conclusion of a case. *See Baker v. Alderman,* 158 F.3d 516, 523 (11th Cir.1998). It does not, however, excuse compliance with the procedural requirements of the rule. Rule 11 requires that the motion for sanctions be served and must not be filed or presented to the court if the challenged matter is withdrawn or corrected within twenty-one days after service of the motion. Fed.R.Civ.P. 11(c)(2); *see also*, *McMahan v. Barker*, 2007 WL 4403261 (M.D. Fla. 2007).

In *McMahon v. Barker*, supra, the Defendants impermissibly sought to move for Rule 11 sanctions, following an order granting them Summary Judgment, as in the case at bar. Since, like here, Defendants had failed to serve a safe harbor letter prior to filing their Rule 11 Motion, Magistrate Judge Spaulding denied Defendants motion.

Magistrate Judge Spaulding cited to *In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003), for the proposition that "the 'safe harbor' provision functions as a practical time limit, and motions have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission." *Id.* at 89

In this case, Defendants never served a "safe harbor" letter on the undersigned, nor do they claim they did, in their instant Motion. Since, the Defendants, as the movant for Rule 11 sanctions, failed to meet this jurisdictional prerequisite, the Court should refuse to entertain their instant Motion as it pertains to the undersigned. Therefore, the Court should strike the branch of Defendants' improperly filed Motion which seeks Rule 11 Sanctions against the undersigned.

  **II.**  **Conclusion.**

The Court should enter an Order striking Defendants' improperly filed Motion in its entirety because Defendants' failure to serve a 21-day "safe harbor" letter on the undersigned prior to their instant motion is fatal pursuant to Fed.R. Civ.P. 11(a)(A).

          Respectfully submitted,

          **/s/ ANDREW FRISCH**
          Andrew Frisch, Esq.
          Florida Bar No. 27777
          MORGAN & MORGAN, P.A.
          7450 Griffin Road, Suite 230
          Davie, Florida 33314
          Telephone:  (954) 318-0268
          Facsimile:   (954) 333-3515
          E-mail: afrisch@forthepeople.com

          Counsel for Plaintiffs

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 23, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record**.**

                                                  **/s/ ANDREW FRISCH**
                                                  **Andrew Frisch, Esq.**